IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 8 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| C.C. INDIVIDUALLY, BY AND THROUGH HIS NEXT FRIENDS, CHARLES CRIPPS AND KRISTIE CRIPPS, § § § § § | |
| Plaintiff, § § | |
| VS. § | NO. 4:14-CV-646-A |
| § | |
| HURST-EULESS-BEDFORD INDEPENDENT SCHOOL DISTRICT, ET AL., § § § § | |
| Defendants. § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration and decision are the motions of defendants, Scott Hurbough ("Hurbough"), Damon Emery ("Emery"), and Hurst-Euless-Bedford Independent School District ("the District"), to dismiss the complaint of plaintiff, C.C. individually, by and through his next friends, Charles Cripps and Kristie Cripps, for failure to state a claim upon which relief may be granted.[1]  Plaintiff filed responses to the motions, and defendants filed replies.  After having considered all the

---

[1] As originally filed, the District's motion was a motion for partial dismissal. Now that plaintiff's appeal pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1415(i)(2), has been severed into a separate civil action, the District's motion has become a motion for dismissal as to all claims and causes of action now being asserted against it in the above-captioned action.

parties' filings and applicable legal authorities, the court concludes that the motions to dismiss should be granted.

I.

## Plaintiff's Complaint

Plaintiff's live pleading is his first amended complaint, filed October 9, 2014, in which, pursuant to the authority of 42 U.S.C. § 1983, he complains of violations by all three defendants of his Fourteenth Amendment rights of Due Process and Equal Protection, he asserts a claim of civil conspiracy pursuant to 42 U.S.C. § 1985, and he asserts a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the District.[2]

In summary form, the historical allegations of the first amended complaint are as follows:

Plaintiff, who was twelve years old at the time of the events described in the complaint, suffered from difficulties with executive functioning as a symptom of his Attention Deficit Hyperactivity Disorder. He was a student at the Bedford Junior High School, a school within the District. Hurbough was the principal of that school, and Emery was the vice principal.

---

[2] In addition to the claims and causes of action to which the motions to dismiss are directed, the first amended complaint contained an appeal by plaintiff from a Texas Education Agency Special Education Hearing Officer in favor of the District on the issue of whether plaintiff received educational benefit from the District's Individualized Educational Plan. Because the appeal is unrelated from a legal standpoint from the causes of action that are the subjects of the motion to dismiss, the appeal and related allegations have been severed into a separate action, leaving in the above-captioned action only the claims and causes of action that are the subjects of the motions to dismiss.

Plaintiff engaged in inappropriate conduct and indiscretions from time-to-time while attending school. Over time, a conspiracy arose to kick plaintiff out of school by treating some of his conduct as felonies. In response to plaintiff's behavior problems, the school contacted parents of other students to encourage them to file felony charges against plaintiff because a felony charge would automatically remove plaintiff from school.

Around February 2013, plaintiff followed fellow student R.L. into the school restroom where plaintiff and another student took photos of R.L. seated on the toilet. After an investigation, Emery spoke with R.L.'s father and asked him to file felony charges, which he did. Hurbough determined that the taking of the photos and displaying them was a Title V Felony, which warranted suspension from school.

On March 4, 2013, Hurbough appointed and Emery chaired a "Manifestation Determination Review" ("MDR") committee to determine if plaintiff's "behaviors" had been "caused by or had a direct and substantial relationship to [plaintiff's] behavioral issues and disability." Compl. at 16, ¶ 61. The committee determined that the taking of the photos was not caused by or related to plaintiff's behavioral issues and disability, so the committee recommended removal of plaintiff from school.

Plaintiff was removed from school and placed in Disciplinary Alternative Educational Placement ("DAEP") for sixty days.[3]

In the summer of 2013, plaintiff filed a complaint against the District with the Office of Civil Rights ("OCR"), which contended that plaintiff was a victim of retaliation due to his parents' advocacy on his behalf. The OCR initially found that plaintiff established a prima facie case of retaliation. In response, the District was allowed to provide a legitimate non-discriminatory reason for its actions. Emery made purposeful misstatements to the OCR in the District's response. The OCR ultimately found that the District did in fact have non-discriminatory reasons for the punishment of plaintiff, and plaintiff's complaint was denied as unfounded.

Hurbough and Emery permitted plaintiff to be punished more harshly than other students. Also, plaintiff was discriminated against by defendants as a class of one pursuant to the Equal Protection Clause of the Fourteenth Amendment. Defendants

---

[3] It is unclear to the court whether plaintiff spent sixty days in DAEP. The Texas Education Agency Special Education Hearing Officer, at ¶¶ 15-16 on page 4 of his decision (which is attached to plaintiff's Motion to Remand), noted that as of May 13, 2014, plaintiff had not spent one day in DAEP. Pl.'s Br. in Supp. of Mot. to Remand, Doc. 20, Attach. Exs., Bates No. 000258.

conspired to violate plaintiff's civil rights in violation of 42 U.S.C. § 1985,[4] and the District discriminated against him in violation of the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## II.

### Grounds of the Motions

Hurbough, Emery, and the District argue that there are no factual allegations in the complaint that support any of plaintiff's asserted causes of action. They argue that the plaintiff's Due Process claims fail because moving plaintiff to DAEP did not infringe upon plaintiff's right to a public education, and, his conclusory allegations are insufficient to support plaintiff's equal protection claim. Further, they argue that plaintiff's conspiracy claim fails because the District and its employees cannot be considered to have conspired together. Lastly, they argue that the complaint does not state sufficient facts to plead intentional discrimination.

In addition, the District seeks summary judgment as to the § 1983 claims against it on the ground that as a municipality it cannot be held liable under § 1983 based on a theory of

---

[4]The only defendants named in the civil conspiracy count are Hurbough and Emery, Compl. at 29, ¶¶ 133-138. Inasmuch as plaintiff adopts in that count all other paragraphs of the complaint, the court considers possible that the District is being accused along with Hurbough and Emery of being a co-conspirator. Id., ¶ 133. The court is assuming in this memorandum opinion and order that plaintiff is accusing all three defendants as being co-conspirators.

5

respondeat superior for the actions of its employees, and that plaintiff has failed to allege any facts that would establish municipal liability against the District for the alleged constitutional violations. The District asserts, specifically, that plaintiff has failed to allege facts that show that the alleged constitutional violations were the direct result of the execution of an official "custom" or "policy" that was approved or sanctioned by the District's final policy maker, that the final policy maker acted with deliberate indifference, and that such a custom or policy was the "moving force" behind the violation.

Defendants Hurbough and Emery also assert as grounds of their motion their entitlement to a qualified immunity defense, asserting that such is not overcome by any facts alleged by plaintiff in the complaint. According to those defendants, plaintiff does not allege a violation of a clearly established constitutional right nor does plaintiff allege that the conduct of either of those defendants about which plaintiff complains was objectively unreasonable.

III.

Analysis

The excessively verbose complaint, which inappropriately combined an appeal from an administrative ruling with the claims

that are now under consideration, provided in one of its 165 paragraphs a succinct statement of plaintiff's claims that are the subjects of the motions to dismiss. On page 5 of the complaint, plaintiff alleged:

> C.C. by and through his next friends and natural parents, Charley [sic] and Kristie Cripps, bring [sic] forth claims on his behalf pursuant to the *Due Process Clause* of the Fourteenth Amendment to the Constitution of the United States, as contemplated by the Civil Rights Acts, 42 U.S.C. § 1983 as well as civil conspiracy claims pursuant to 42 U.S.C. § 1985. In addition, because C.C. is a person with a disability, his parents likewise bring forth claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act").

Compl. at 5, ¶ 9. Those are the claims that are being dealt with by the court in this memorandum opinion and order.

A. <u>Standards Applicable to the Motions to Dismiss</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

7

simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. None of the Claims Are Supported by Facts Alleged in the Complaint

1. The Due Process Claims

The Due Process claim grows out of disciplinary action taken by reason of the photographs plaintiff took of the child on the toilet. Assuming, arguendo, that plaintiff has correctly

8

asserted in his responses to Emery and Hurbough's motion to dismiss that his complaint states that his right to due process was denied when the school took away his constitutionally cognizable property right to a public education, the complaint still fails to state a claim upon which relief may be granted. The parties agree that "[a] State's extending the right to education creates a property interest protected by the Due Process Clause of the Fourteenth Amendment . . . ." Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist., 635 F.3d 685, 690 (5th Cir. 2011). However, "[a] student's transfer to an alternate education program does not deny access to public education and therefore does not violate a Fourteenth Amendment interest." Id. Because plaintiff has not plausibly alleged a violation of a constitutionally protected property or liberty interest, he cannot maintain a due process claim, whether it be procedural or substantive. Therefore, defendants' motions to dismiss are granted as to this claim.

    2.   The Equal Protection Claims

The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of

9

Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In support of his complaint that he was punished more harshly than other students with no rational basis for the difference in punishment, plaintiff's complaint mentions other students disciplined by the school, and compares their punishments with his own.

The determination of the similarity of situations of comparators "is case-specific and requires [the court] to consider the full variety of factors that an objectively reasonable decisionmaker would have found relevant in making the challenged decision." Lindquist v. City of Pasadena Tex., 669 F.3d 225, 234 (5th Cir. 2012) (citation and internal quotation marks omitted). Plaintiff alleged no facts in the complaint that would establish that there was no rational basis for the differences in treatment. None of the other infractions involved violations of another child's privacy rights as egregious as the making and publishing of photographs of the child sitting on a toilet. No facts are alleged that would support a conclusion that there was no rational basis to treat plaintiff differently from the other students. Therefore, this ground of defendants' motions has merit.[5]

---

[5] The court agrees with the District that the constitutional claims asserted against it would in any event be barred by the failure of plaintiff to plead facts establishing municipal liability. However, the court need not further discuss that subject considering that plaintiff has failed to allege facts establishing that plaintiff's constitutional rights were violated.

(continued...)

3. <u>The Civil Conspiracy Claims under 42 U.S.C. § 1985</u>

Plaintiff alleged that defendants engaged in a civil conspiracy under 42 U.S.C. § 1985 to violate plaintiff's civil rights. In order to state a claim for civil conspiracy under § 1985,

> a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States.

<u>Lockett v. New Orleans City</u>, 607 F.3d 992, 1002 (5th Cir. 2010). Because defendants are a school district and its employees, plaintiff cannot plead facts sufficient to demonstrate a conspiracy. "[A] school and its officials constitute a single entity which cannot conspire with itself." <u>Hankins v. Dallas Indep. Sch. Dist.</u>, 698 F.Supp. 1323, 1330 (N.D. Tex. 1988), <u>cited with approval in</u> <u>Hilliard v. Ferguson</u>, 30 F.3d 649, 653 n.17 (5th Cir. 1994) ("We follow the reasoning of the other courts on this question and hold that a school board and its employees constitute a single entity which is incapable of conspiring with itself for the purposes of § 1985(3)."). Because the District, Emery, and Hurbough are considered a single entity, they are

---

[5](...continued)
Also, the court agrees with Hurbough and Emery that the allegations of the complaint are insufficient to overcome their qualified immunity defenses. Again, the court need not further discuss that subject, bearing in mind the rulings made in the text of this memorandum opinion and order.

incapable of conspiring. Therefore those claims are also to be dismissed.[6]

4. <u>The Section 504 Rehabilitation Act Claims</u>

Lastly, plaintiff alleged a cause of action against the District under Section 504 of the Rehabilitation Act. He stated that the District created a hostile educational environment and grossly deviated from professional standards of care as to plaintiff. Plaintiff's response to the District's motion also asserted that plaintiff was retaliated against for his parents' advocacy on his behalf; however, that claim was not alleged in the first amended complaint and thus is not properly before the court.

The factual assertions of the complaint included descriptions of various alleged actions of the District's employees which plaintiff states amounted to a conspiracy to have plaintiff removed from the school based on his disabilities and that the employees acted in furtherance of such conspiracy by (1) mischaracterizing evidence before the Office of Civil Rights and the Texas Education Agency Hearing Officer, (2) contacting parents of other students to have them file criminal charges against plaintiff, (3) having a teacher file assault charges

---

[6]Even if the court were to assume that plaintiff intended to allege his conspiracy claims against only Hurbough and Emery, the outcome would be the same.

12

against plaintiff, (4) failing to appropriately investigate the photo taking incident, (5) having plaintiff followed by a fellow student, (6) telling plaintiff a camera was watching him, and (7) by not returning plaintiff to school when the felony charges were dropped. Plaintiff states that owing to this conspiracy, the District intentionally discriminated against him.

Plaintiff cannot sustain a cause of action under Section 504 of the Rehabilitation Act because, aside from a conclusory allegation that the above described activities were undertaken due to his disability, there are no underlying factual allegations to support such statement. Section 504 of the Rehabilitation Act

> mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Estate of Lance v. Lewisville Indep. Sch. Dist., 743 F.3d 982, 990 (5th Cir. 2014). In order to sustain a cause of action under the Rehabilitation Act, "the statute requires intentional discrimination against a student on the basis of his disability." D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450, 454 (5th Cir. 2010). Plaintiff's complaint alleged no facts which, taken as true, would support a finding that the District

13

intentionally discriminated against him based on his disability. Plaintiff's complaint lists a litany of behavioral infractions, which may have caused the above described actions, but plaintiff pleaded that such actions were based on his disability only in a conclusory fashion. Because plaintiff has failed to plead sufficient facts to support a plausible claim under the Rehabilitation Act, such claim must be dismissed.

    5.    <u>Whatever Claims Might Have Been Asserted on Behalf of Charles Cripps and Kristie Cripps are Being Dismissed</u>

The wording of the first amended complaint suggests that all of the claims asserted therein are being pursued on behalf of C.C. individually, acting through his next friends, Charles Cripps and Kristie Cripps. However, asserted in paragraph 16 on page 6 of the complaint is a statement that Charles and Kristie Cripps bring "forward this complaint accordingly, not only as next friends, but for in their own Individual Capacity for out-of-pocket expenses incurred as a result of Respondent's actions." So that there will be no uncertainty concerning any allegations in the first amended complaint that might purport to assert individual claims on behalf of Charles Cripps and Kristie Cripps based on any of the theories of recovery that remain in the complaint after the severance out of the administrative appeal, the court, for reasons already discussed, is ordering that

whatever claims and causes of action purport to be asserted by Charles Cripps and Kristie Cripps, individually, also are being dismissed.

## V.

### Order

Therefore,

The court ORDERS that the motions to dismiss filed by defendants be, and are hereby, granted, and that all claims and causes of action asserted by C.C. individually, by and through his next friends, Charles Cripps and Kristie Cripps, or by Charles Cripps and Kristie Cripps, individually, against defendants be, and are hereby, dismissed with prejudice.

SIGNED January 8, 2015.

_____
JOHN McBRYDE
United States District Judge